UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SIAOSI VANISI,<br><br>　　　　Petitioner,<br><br>vs.<br><br>RENEE BAKER, *et al.*,<br><br>　　　　Respondents. | 3:10-cv-0448-RLH-VPC<br><br>**ORDER** |

Introduction

　　　In this capital habeas corpus action, the petitioner, Siaosi Vanisi, filed an amended petition for writ of habeas corpus on April 18, 2011 (docket #17). On August 30, 2011, respondents filed a "Motion for Compliance with This Court's Order and Motion for More Definite Statement" (docket #34, #35). On September, 6, 2011, respondents filed a motion to dismiss (docket #37). Briefing of the motion to dismiss was suspended pending resolution of the motions for compliance and for more definite statement. *See* Minute Order entered September 26, 2011 (docket #41). On September 16, 2011, Vanisi filed an opposition to the motions for compliance and for more definite statement (docket #39). Respondents filed a reply in support of those motions on October 27, 2011 (docket #42).

1  The court will deny both the motion for compliance with court order and the motion for more
2 definite statement, and will set a schedule for resumption of the briefing of respondents' motion to
3 dismiss.

4 <u>Motion for Compliance with Court Order</u>

5  In the motion for compliance with court order, respondents assert that Vanisi has not
6 complied with the following direction of the court, which is found in the order entered on
7 November 5, 2010:

8  The amended petition shall specifically state whether each ground for relief has been
exhausted in state court; for each claim that has been exhausted in state court, the
9  amended petition shall state how, when, and where that occurred.

10 Order entered November 5, 2010 (docket #15), p. 1.

11  A federal court cannot grant habeas corpus relief on a claim not exhausted in state court,
12 28 U.S.C. § 2254(b), and the burden is on the habeas petitioner to show that he has properly
13 exhausted each claim. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir.1981) (*per curiam*),
14 *cert. denied*, 455 U.S. 1023 (1982).

15  Respondents point to Vanisi's "Statement with Respect to Exhaustion," at pages 10 to 11 of
16 his amended habeas petition, and argue that statement is insufficient to comply with the direction in
17 the order of November 5, 2011. *See* Motions for Compliance and More Definite Statement (docket
18 #34, #35), pp. 3-5; *see also* Amended Petition for Writ of Habeas Corpus (docket #17), pp. 10-11.

19  In response, Vanisi "acknowledges that the statement of exhaustion in his amended petition
20 is not entirely clear." Opposition to Motions (docket #39), p. 2.  Vanisi goes on in his response, to
21 set forth an outline of his amended petition, stating which claims he contends have been exhausted,
22 when he believes they were exhausted, and how he believes them to have been exhausted.  *Id*. at 2-9.

23  The court finds that, with the supplemental statement regarding exhaustion of his claims, in
24 his opposition to the  motion for compliance with court order, Vanisi has set forth his position
25 regarding exhaustion sufficiently to comply with the direction in the November 5, 2010 order.

26  The court will deny the motion for compliance with court order.

Motion for More Definite Statement

In the motion for more definite statement, respondents argue that several of the claims in Vanisi's amended habeas petition are so vague and ambiguous that they cannot reasonably be required to respond, and respondents request that Vanisi be required to further amend his petition to more specifically state his claims. *See* Motions for Compliance and More Definite Statement, pp. 5-19.

Respondents cite numerous cases in support of their motion: *Hill v. Lockhart,* 474 U.S. 52 (1985); *Strickland v. Washington,* 466 U.S. 668 (1984); *Blackledge v. Allison*, 431 U.S. 63 (1977); *Picard v. Connor*, 404 U.S. 270 (1974); *Adams v. Armontrout,* 897 F.2d 332 (8th Cir.1990); *Andrews v. Shulsen*, 802 F.2d 1256 (10th Cir.1986); *Kealohapauole v. Shimoda*, 800 F.2d 1463 (9th Cir.1986); *Oliver v. Wainwright,* 795 F.2d 1524 (11th Cir.1986); *United States v. Giangrosso,* 779 F.2d 376 (7th Cir.1986); *Beard v. Lockhart,* 779 F.2d 23 (8th Cir.1985); *Siers v. Ryan,* 773 F.2d 37 (3d Cir.1985); *Knighton v. Maggio*, 740 F.2d 1344 (5th Cir.), *cert. denied*, 469 U.S. 924 (1984); *Bashor v. Risley,* 730 F.2d 1228 (9th Cir.1984); *Schlang v. Heard,* 691 F.2d 796 (5th Cir.1982), *cert. denied*, 461 U.S. 951 (1983); *United States v. Jones,* 614 F.2d 80 (5th Cir.1980) *Mayberry v. Davis,* 608 F.2d 1070 (5th Cir. 1979); and *Aubut v. State of Maine*, 431 F.2d 688 (1st Cir.1970). Respondents cite those cases, generally, for the uncontroversial propositions that "notice pleading" is not sufficient in a federal habeas petition, that a habeas petitioner must allege specific facts in support of his claims, that a federal habeas petition must allege a deprivation of federal rights to obtain habeas relief, and that habeas claims based only on conclusory and unsupported allegations may be dismissed or denied. However, none of the cases cited by respondents deals with the question whether a district court should require a habeas petitioner to re-plead conclusory or vague claims. In none of the cases cited by respondents did any court determine that any claim was so vague and ambiguous that the respondents could not reasonably be required to defend against it, and in none of those cases was a habeas petitioner ordered to re-plead a claim. Rather, the lesson to be drawn from the many cases cited by respondents is that conclusory or vague claims may simply be

1  dismissed or denied on the ground that they are too conclusory or vague.  Plainly, the respondents in
2  those cases were able to defend against the conclusory and vague claims.
3         Respondents specifically challenge Vanisi's pleading of Grounds 1, 2, 3, 4, 5, 9, 10, 14, 15,
4  16, 19, 20, 21, 22, 23, and 24 of his amended petition.  *See* Motions for Compliance and More
5  Definite Statement, pp. 7-19.  In the court's view, however, respondents do not show that the
6  purported conclusory or vague nature of any of those claims prevents respondents from defending
7  against them, or requires re-pleading of those claims by Vanisi.
8         The court will deny respondents' motion for more definite statement.  Respondents may,
9  when the time comes, in response to the merits of Vanisi's claims, argue that his claims are too
10 conclusory or vague to warrant habeas corpus relief.
11     **IT IS THEREFORE ORDERED** that respondents' Motion for Compliance with Court
12 Order (docket #34) is **DENIED**.
13     **IT IS FURTHER ORDERED** that respondents' Motion for a More Definite Statement
14 (docket #35) is **DENIED**.
15     **IT IS FURTHER ORDERED** that petitioner shall respond to respondents' motion to
16 dismiss (docket #37) on or before **December 9, 2011**.
17     **IT IS FURTHER ORDERED** that, in all other respects, the schedule for further
18 proceedings set forth in the order entered November 5, 2010 (docket #15) shall remain in effect.

     Dated this  2nd  day of  November  2011.

                              _____
                              UNITED STATES DISTRICT JUDGE

4