UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| SIAOSI VANISI, | ) | |
| Petitioner, | ) | 3:10-cv-0448-RLH-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| RENEE BAKER, *et al.*, | ) | |
| Respondents. | ) | |

In this capital habeas corpus action, there is, before the court, a motion for stay and abeyance (ECF No. 46) filed by the petitioner, Siaosi Vanisi. There is also pending a motion to dismiss filed by the respondents (ECF No. 37). Briefing on the motion to dismiss has been suspended pending resolution of the motion for stay. *See* Minute Order entered January 3, 2012 (ECF No. 49).

The court will grant the motion for stay, and stay this action pending the conclusion of Vanisi's ongoing state-court habeas corpus proceedings. The court will deny the motion to dismiss as moot.

This habeas corpus action is brought pursuant to 28 U.S.C. § 2254. Vanisi's conviction and death sentence result from the murder of George Sullivan, a University of Nevada police sergeant, on the university campus in Reno, early in the morning on January 13, 1998. Sergeant Sullivan was killed with a hatchet that Vanisi had evidently bought a few days earlier and that was found after the

murder at an apartment occupied by relatives of Vanisi, where Vanisi went shortly after the murder. The Nevada Supreme Court described the evidence of Vanisi's guilt as overwhelming.

Following his conviction, Vanisi unsuccessfully appealed to the Nevada Supreme Court. The Nevada Supreme Court's opinion on Vanisi's direct appeal is published as *Vanisi v. State,* 117 Nev. 330, 22 P.3d 1164 (2001). Vanisi then unsuccessfully pursued a state-court habeas corpus petition.

Vanisi initiated this federal habeas corpus action on July 19, 2010, and counsel was appointed (*see* ECF Nos. 5, 7). On April 18, 2011, Vanisi filed an amended petition for writ of habeas corpus (ECF No. 17).

On August 30, 2011, respondents filed motions to compel the petitioner's compliance with a court order and for a more definite statement (ECF Nos. 34, 35). Those motions were denied on November 2, 2011 (ECF No. 43).

On September 6, 2011, respondents filed a motion to dismiss (ECF No. 37). In response, on December 16, 2011, Vanisi filed his motion for stay (ECF No. 46). In that motion, Vanisi argues that the court should stay this case pending his exhaustion of certain claims in state court, in a state-court habeas action that he filed on May 4, 2011. *See* Motion for Stay and Abeyance (ECF No. 46), pp. 2-3, 30. On January 3, 2012, the court suspended briefing on the motion to dismiss pending resolution of the motion for stay. *See* Minute Order entered January 3, 2012 (ECF No. 49). Respondents filed an opposition to the motion for stay on February 21, 2012 (ECF No. 52). Vanisi filed a reply in support of the motion for stay on March 16, 2012 (ECF No. 56).

Also on March 16, 2012, with respect to his 26-page reply in support of the motion for stay, Vanisi filed a motion for leave of court to exceed the 20-page limit for reply briefs set forth in Local Rule 7-4 (ECF No. 55). The court finds that there is good cause for Vanisi's reply to exceed the 20-page limit. The court will, therefore, grant the motion for leave to exceed the 20-page limit.

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See*

*Picard v. Conner*, 404 U.S. 270, 275 (1971).  To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

The amended petition in this action is a mixed petition – it contains both exhausted and unexhausted claims.  *See* Amended Petition for Writ of Habeas Corpus (ECF No. 17); *Vanisi v. State,* 117 Nev. 330, 22 P.3d 1164 (2001) (Nevada Supreme Court's decision on direct appeal); Exhibit 45 in Support of Amended Petition (ECF No. 21) (Nevada Supreme Court's Order of Affirmance, affirming denial of Vanisi's first state-court habeas petition).  Petitioner and respondents agree that the amended petition contains unexhausted claims.  *See* Motion for Stay and Abeyance, p. 2; Motion to Dismiss (ECF No. 37), pp. 18-32.  And, a comparison of the amended petition to the decisions of the Nevada Supreme Court on his direct appeal and in his first state-court habeas action reveals that at least some claims in the amended petition have been exhausted, at least in part. *Compare*, *e.g.*, Amended Petition, pp. 146-58 (Claim 7), *with Vanisi*, 117 Nev. 330, 337-42, 22 P.3d 1164, 1169-72, and *compare*, *e.g.*, Amended Petition, pp. 103-12 (Claim 4), *with* Exhibit 45 in Support of Amended Petition (ECF No. 21), pp. 2-3.

Vanisi requests that this action be stayed while he completes exhaustion of all his claims in state court.  Vanisi argues – correctly – that, if his mixed amended petition is dismissed without prejudice, he may face limitations issues when he attempts to file a new federal petition after exhausting claims in state court.  This is because of the well-settled rule that the pendency of a federal habeas petition does not result in statutory tolling of the applicable one-year limitations period.  *See* 28 U.S.C. § 2244(d); *Duncan v. Walker*, 533 U.S. 167 (2001) (pendency of federal habeas petition does not toll limitations period); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (regarding "protective petitions").  If this case were simply dismissed at this point, the statute of limitations might well bar Vanisi from filing a new federal habeas petition.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the

discretion of the federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> \* \* \*
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78.

*Rhines* does not state or suggest that every unexhausted claim in the petition must satisfy, individually, the "good cause" and "potentially meritorious" requirements before a stay will be permitted. Indeed, the rationale for permitting a stay would apply with more force to a petition in which only one of the unexhausted claims meets the *Rhines* requirements, but is likely meritorious, than it would to a petition in which all the unexhausted claims meet the *Rhines* requirements, but none are more than potentially meritorious. Therefore, the efficient approach is for the court to address the petitioner's motion for stay and abeyance before reaching respondents' exhaustion arguments as to each individual claim. If a stay is warranted with respect to any single claim, the court need not conduct a claim-by-claim exhaustion analysis regarding the remaining claims.

In Claim 6 of his amended petition, Vanisi claims that his death sentence is unconstitutional "due to the Nevada Supreme Court's purported 're-weighing' and 're-sentencing' after invalidating an aggravating circumstance, and to its failure to properly consider the effect of the erroneous penalty phase jury instructions in its harmless error assessment." Amended Petition (ECF No. 17), p. 120. The action of the Nevada Supreme Court that is the subject of Claim 6 took place on the

1  appeal from the denial of his first state-court habeas petition; the claim could not have been
2  exhausted by means of that petition, or on Vanisi's direct appeal.  Therefore, there is good cause for
3  Vanisi's failure to exhaust Claim 6.  The court finds that Claim 6 is potentially meritorious.  And,
4  there is no indication that Vanisi has ever engaged in intentionally dilatory litigation tactics.
5        Therefore, the court will grant Vanisi's motion for stay and abeyance, and stay this action.
6  In exercising its discretion to grant the stay, the court takes into account the effect of *Crump v.*
7  *Warden*, 113 Nev. 292, 934 P.2d 247 (1997), under which, it appears, there is at least a possibility
8  that the Nevada courts may consider Vanisi's unexhausted claims on their merits.
9        The court's intention is that this will be the last time that the court imposes a stay to facilitate
10 Vanisi's exhaustion of claims in state court.  Vanisi must exhaust *all* of his unexhausted claims in
11 state court during the imposed pursuant to this order.
12       **IT IS THEREFORE ORDERED** that petitioner's Motion to File Pleading in Excess of
13 Twenty Page Limit (ECF No. 55) is **GRANTED**.  Petitioner's reply in support of his motion for stay
14 has been filed (ECF No. 56); no further action by the clerk is necessary in this regard.
15       **IT IS FURTHER ORDERED THAT** petitioner's Motion for Stay and Abeyance
16 (ECF No. 46) is **GRANTED**.  This action is **STAYED** to allow petitioner to exhaust, in state court,
17 all his unexhausted claims for habeas corpus relief.
18       **IT IS FURTHER ORDERED** that, on or before **June 15, 2012**, petitioner shall file and
19 serve a status report, describing the status of his state-court proceedings.  Thereafter, during
20 the stay of this action, petitioner shall file such a status report every 6 months (on or before
21 December 15, 2012; June 15, 2013; December 15, 2013; etc.).  Respondents may, if necessary,
22 file and serve a response to any such status report within 15 days after its service.  If necessary,
23 petitioner may reply within 15 days of service of the response.
24       **IT IS FURTHER ORDERED** that following the conclusion of petitioner's state court
25 proceedings, petitioner shall, within **30 days**, make a motion to lift the stay.
26       **IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a motion by

respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

**IT IS FURTHER ORDERED** that respondents' Motion to Dismiss (ECF No. 37) is **DENIED** as moot.

Dated this ___25th___ day of April 2012.

_____
UNITED STATES DISTRICT JUDGE